• Brooke, J.
I concur in affirming the decree.
*72 Tucker, P.
I am of opinion, that if there was any error in the proceedings of the arbitrators in this case, in deciding the cause without the co-operation of Mr. Scott, that error might have been corrected in the court ¡¡nuance of Kelly the administrator. The same remark applies equally to the objection, that the submission was revoked by the death of Francis Martin, or, if this objection should have been, taken by the court of law of its own mere motion, the error of omission should have been corrected by appeal. It is alleged, however, that Kelly was prevented from taking these objections before the court of law, by the return of the award without notice; and by the premature judgment of the court upon it. As to the fact, it is positively denied that the award was returned without notice ; and the notice that it was about to be made up, is clearly proved. It was made up on the 18th, and returned on the 19th June, and the counsel of Kelly was attending court, when he was informed that the award was about to be made up. It is proved, too, that notice was given to Mr. Scott on the day the award was filed, that it would presently be filed; and Mr. Scott was informed of the character of it. The judgment was rendered in open court; and, according to the accustomed practice, I can have no doubt, the party, or his counsel, was called upon to say if there was any thing to be objected to the judgment before it was rendered. Kelly himself lived some time after the judgment, declared he would not carry the litigation farther, and suffered an execution to go out, and to be returned no effects, without applying for relief to a court of equity. All the other parties in interest excepting Wheatley, seem also to have acquiesced; and I am, therefore, of opinion, that the omission of Kelly to contest the award, was not the effect of surprize, but of a willingness to acquiesce in the decision which had terminated a long and unpleasant controversy. Under these circumstances, it *73 may safely be affirmed, that if Kelly were in being, he would not be received to set up, in equity, the defence against this recovery which is now advanced by Wheatley. The question then results, whether the plaintiff either in his character of surety for Kelly, as administra.tor de lords non, or as a legatee, could make this defence ? I hold that he cannot. In cither character, the award and the judgment thereupon is conclusive against the estate in favour of the creditor, unless a fraudulent collusion is charged and proved between him and the administrator. For an executor or administrator may lawfully submit to arbitration; and though he will be chargeable with a devastavit if the estate is thereby injured, yet the submission is valid; and if so, the award and judgment thereupon must be conclusive of the rights of the parties, unless It is alleged to have been obtained per fraudem. Moreover, if Kelly, who represented the estate at the date of these transactions, was concluded,—if the estate in his hands was bound by the judgment,—it cannot be conceived, that by bis death, the rights of the creditor were to ho impaired, and those of the estate enlarged. The rights of the parties cannot rest upon the accident of life or death. It were absurd to say, that the award and judgment were conclusive, provided Kelly lived, but that they were not so, in the event of his death, and the appointment of an administrator de bonis non. I am therefore of opinion, that the circuit court properly refused to set aside the award, and might with great propriety have dissolved the injunction. The decree against Kelly's administrator, in which that administrator has acquiesced, was the most favourable course that could have been taken for the plaintiff. And though it be indeed substantially against Charles Marlin's estate, yet, if upon the account that is directed, the persons concerned in the estate can shew fraud on the part of Kelly, or can even shew that the estate has sustained damage by the submission, Kelly's *74 estate may be made to bear the loss. The bill, however, does not pretend to allege fraud on Kelly's part, and that must be charged, before proof of it can be admitted. Upon the whole, I concur in the opinion to afprm tpe decree.
Decree affirmed.